**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 0 5 2010 ★
BROOKLYN OFFICE

CV 10 — 1532

GLEESON, J.

LEVY M

---

Saraswatie Baldeo,

               Plaintiff,

    v.

Integrity Financial Partners, Inc.; and
DOES 1-10, inclusive,

               Defendants.

**COMPLAINT**

---

For this Complaint, the Plaintiff, Saraswatie Baldeo, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    Plaintiff, Saraswatie Baldeo ("Plaintiff"), is an adult individual residing in South Ozone Park, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Integrity Financial Partners, Inc. ("Integrity"), is a Kansas business

entity with an address of 4370 W. 109th Street, Suite 100, Overland Park, Kansas 66211, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.       Does 1-10 (the "Collectors") are individual collectors employed by Integrity and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.       Integrity at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.       The Plaintiff incurred a financial obligation (the "Debt") to Levitz (the "Creditor").

9.       The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Integrity for collection, or Integrity was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Integrity Engages in Harassment and Abusive Tactics

12.      The Defendants telephoned the Plaintiff numerous times each week.

13.      The Defendants were rude and verbally abusive to the Plaintiff during telephone conversations, telling her to pay off the Debt with money she received from child support.

2

14.     The Defendants threatened to initiate a legal action against the Plaintiff, but have not done so.

15.     The Defendants lied to the Plaintiff's relatives to obtain the Plaintiff's cellular telephone number, telling the Plaintiff's relatives that she may have fraudulent charges on her credit card.

16.     The Defendants repeatedly telephoned the Plaintiff's sister-in-law, both at her home and place of employment.

## C. Plaintiff Suffered Actual Damages

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that the Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

3

22.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that the Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that the Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the consumer.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that the Defendants threatened to take legal action, without actually intending to do so.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants employed false and deceptive means to collect a debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

4

32.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the

Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community.

33.     The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of New York.

34.     All acts of the Defendants and the Collectors complained of herein were

committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are

subject to imposition of punitive damages.

### COUNT III
### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully set forth herein at length.

36.     The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General

Business Law of the State of New York, NY GBL § 349.

37.     The Defendants willfully and knowingly engaged in conduct constituting

deceptive acts and practices in violation of NY GBL§ 349.

38.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the

Defendants.

39.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages,

5

trebled, together with reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 23, 2010

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250

6

Facsimile:  (877) 795-3666
Attorneys for Plaintiff

7